MARGARET ROSENTHAL, Bar No. 147501
SABRINA L. SHADI, Bar No. 205405
MATTHEW I. BOBB, Bar No. 253308
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA  90025-7120
Telephone:    310.820.8800
Facsimile:    310.820.8859
Emails:    mrosenthal@bakerlaw.com
           sshadi@bakerlaw.com
           mbobb@bakerlaw.com

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MANSFIELD, Individually, and as a Representative of Other Members of the Public Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO. and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.:   **'13 CV 2337 DMS KSC**<br><br>NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Party with Financial Interest; Declarations of Stacy Cozad]<br><br>Action Filed:    August 28, 2013 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, defendant Southwest Airlines Co. ("SWA") hereby removes to this Court the state court action described below.

**JURISDICTION AND VENUE**

1.    SWA asserts that this is a civil action over which this Court has original jurisdiction under the Class Action Fairness Act of 2005, codified in part at 28 U.S.C. § 1332(d) ("CAFA"). See *Toller v. Sagamore Ins. Co.*, 514 F. Supp. 2d 1111, 1115 (E.D. Ark. 2007) (holding that an action is removable both on diversity jurisdiction grounds, or alternatively for satisfying the requirements of 28 U.S.C. § 1332(d)).

602584505.3

2. Doe Defendants 1 through 10, who are wholly fictitious, may be disregarded for purposes of removal pursuant to 28 U.S.C. § 1441(a).

3. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION

4. On August 28, 2013, Timothy Mansfield ("Plaintiff") filed a civil action in the Superior Court of the State of California for the County of San Diego, entitled Timothy Mansfield v. Southwest Airlines Co., and DOES 1 through 10, Case No. 37-2013-00064667 (the "Action").

5. On August 29, 2013, Plaintiff served SWA's agent for service of process with copies of the summons, Complaint, and related court documents. True and correct copies of these documents are attached to this Notice of Removal as Exhibit "A," pursuant to 28 U.S.C. §1446(a). A true and correct copy of SWA's answer filed with the San Diego County Superior Court on September 24, 2013, is attached as Exhibit "B."

6. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because SWA filed this removal within 30 days of SWA's first receipt of the summons and Complaint in the Action.

## CAFA JURISDICTION

7. <u>Basis of Original Jurisdiction</u>. This Court has original jurisdiction over this action under CAFA. Section 1332(d) provides that a district court shall have original jurisdiction of a class action with one hundred (100) or more putative class members in which the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000. Section 1332(d) further provides that where, as here, the putative class members are citizens of the state in which the action was filed, the defendant must be a citizen of a different state.

8. As set forth below, pursuant to 28 U.S.C. § 1441(a), SWA may remove the State Court Action to federal court under CAFA inasmuch as: (i) the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) this action is pled as a class action involving more than one hundred (100) putative class plaintiffs; and (iii) members of the putative class are citizens of a state different from that of SWA.

602584505.3

9. <u>Citizenship of the Parties</u>. Pursuant to 28 U.S.C. § 1332(d)(2)(A), the "district court shall have original jurisdiction" over a "class which . . . any member of the class of plaintiffs is a citizen of a State different from any defendant."

10. <u>Plaintiff's Citizenship</u>. As alleged in the complaint, plaintiff Timothy Mansfield is a resident of San Diego, California. (Complaint, ¶ 3.) For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

11. <u>SWA's Citizenship</u>. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id.* "The public often (though not always) considers it the corporation's main place of business." *Id.*

12. SWA was, at the time the Action was commenced in state court, and still is, a corporation incorporated under the laws of the State of Texas. (Declaration of Stacy Cozad in Support of Notice of Removal ("Cozad Decl."), ¶ 3; Complaint, ¶ 4.) Pursuant to *Hertz*' nerve center test, SWA's principal place of business is Texas. (See Cozad Decl., ¶ 4.) Specifically, SWA's headquarters is located in Dallas, Texas. (*Id.* at ¶ 4.) SWA's leadership, including its officers, are located in Texas. (*Id.* at ¶¶ 5-6.) At the time the Action was commenced in state court through the present, SWA's corporate human resources, finance, marketing, strategy, information systems, legal, communications and corporate social responsibility professionals work from and are residents of Texas. (*Id.* at ¶ 5.) In addition, the majority of SWA's company-wide management decisions and policies are made from its Texas Headquarters. (*Id.* at ¶ 6.)

1  Accordingly, SWA was not and is not a citizen of California. Rather, SWA was at all relevant
2  times and is a citizen of the State of Texas.

3      13.    <u>Doe Defendants</u>. Although Plaintiff has also named fictitious defendants Does 1
4  through 10, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under
5  fictitious names shall be disregarded." 28 U.S.C. § 1441(a); see also *Fristos v. Reynolds Metals*
6  *Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a
7  removal petition).

8      14.    <u>Size of the Class</u>. Plaintiff asserted the State Court Action as a class action. While
9  Plaintiff does not allege a specific class size, he estimates that the first proposed class "exceeds
10 one hundred (100) members…" and that members of the second proposed class "are greater than
11 fifty (50) individuals." (Complaint, ¶ 13.) Plaintiff also alleges that the first proposed class is
12 comprised of: "Any and all persons who have been employed by SWA within one (1) year prior
13 to the filing of the complaint in this action until resolution of this lawsuit…" (Complaint, ¶ 11.)
14 While Plaintiff's class definition appears overbroad, even if limited to all persons employed by
15 SWA in the State of California during this time period, the definition would encompass no less
16 than 5,660 employees. (See Cozad Decl., ¶ 7.)

## AMOUNT IN CONTROVERSY

18     15.    "Where the complaint does not specify the amount of damages sought, the
19 removing defendant must prove by a preponderance of the evidence that the amount in controversy
20 requirement has been met." *Abrego Abrego v. The Dow Chemical Co.*, 443 F. 3d 676, 683 (9th Cir.
21 2006) citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

22     16.    Removal is, therefore, appropriate when it is more likely than not that the amount
23 in controversy exceeds the jurisdictional requirement. *Sanchez v. Monumental Life Ins. Co.*, 102
24 F.3d 398, 404 (9th Cir.1996).

25     17.    The Complaint in this action does not specify the amount of damages sought;
26 therefore the preponderance of the evidence standard applies.

27     18.    The amount in controversy in this case exceeds $5,000,000 by a preponderance of
28 the evidence.

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

19. <u>Wage Statements</u>. With regard to Plaintiff's First Cause of Action, he alleges that SWA intentionally failed to provide employees with complete and accurate wage statements in violation of California Labor Code Section 226(a). (Complaint, ¶ 26.) During the period covered by the statute of limitations for claims to recover penalties for non-compliant wage statements, SWA employed 5,660 employees in the proposed class. (Cozad Decl., ¶ 7.) California Labor Code Section 226(a) provides a maximum aggregate penalty of $4,000 per affected employee. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the statutory maximum penalty available in determining whether the jurisdiction amount in controversy requirement is met.") Thus, based on Plaintiff's allegations, the amount in controversy for this claim alone is **$22,640,000** (5,660 employees x $4,000).

20. <u>Waiting Time Penalties</u>. With regard to Plaintiff's Second Cause of Action, he alleges that SWA willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff and members of the Waiting Class their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ." (Complaint, ¶ 33.) A total of 376 members of the proposed class separated from employment during the statutory time period. (Cozad Decl., ¶ 8.) California Labor Code section 203 provides that a former employee shall receive regular daily wages for each day he was not paid, at his hourly rate, for up to thirty days. Conservatively using the minimum wage of $8.00 an hour for the 376 employees, SWA is allegedly liable for **$721,920** (376 x 8 hours x 30 days x $8.00).

21. Thus, the amount in controversy for the first two causes of action totals at least **$23,361,920**.

22. <u>Attorneys' Fees</u>. When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in its calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Court may take into account reasonable estimates of attorneys' fees when analyzing disputes over the amount in controversy. See *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal.2002). Plaintiff has sought attorneys' fees in the Complaint under Cal. Labor Code Section

226(e), and courts have found that 25% "is a fair estimate of attorneys' fees." *See Tompkins v. Basic Research LL*, No. Civ. S-08-244, 2008 WL 1808316, *4 (E.D. Cal. April 22, 2008). Therefore, attorneys' fees add another $5,840,480 to the amount in controversy.

23. <u>Total Amount in Controversy</u>. Based on the alleged penalties described above, along with the attorneys' fees, the total amount in controversy is at least **$29,202,400** ($22,640,000 + $721,920 + $5,840,480).

24. Accordingly, the diversity, class size, and amount in controversy requirements of the Class Action Fairness Act are satisfied and SWA has properly removed the State Court Action to this Court.

## NOTICE OF PARTIES WITH FINANCIAL INTEREST

25. Pursuant to Civil Rule 40.2, a Notice of Parties with Financial Interest is being filed concurrently with this Notice of Removal.

Respectfully submitted,

Dated: September 27, 2013

BAKER & HOSTETLER LLP

By: /s/ Margaret Rosenthal
Margaret Rosenthal
Sabrina L. Shadi
Matthew I. Bobb

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

602584505.3