# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SOUTHWEST AIRLINES CO. and DOES 1-10, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TIMOTHY MANSFIELD, Individually, and as a Representative of
Other Members of the Public Similarly Situated.

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** |
| Superior Court of California, |
| County of San Diego |
| **08/28/2013** at 04:08:01 PM |
| Clerk of the Superior Court |
| By Sandra Villanueva, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es:)* Central | *(Número del Caso):* 37-2013-00064667-CU-OE-CTL |

330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew S. Dente, The Dente Law Firm, 600 B Street, Suite 1900, San Diego, CA 92101; (619) 525-3990

| DATE: | 08/28/2013 | Clerk, by | *8. Villanueva* | , Deputy |
| --- | --- | --- | --- | --- |
| *(Fecha)* | | *(Secretario)* | S. Villanueva | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: Southwest Airlines Co.

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use | | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | **SUMMONS** | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|

MATTHEW S. DENTE (241547)
THE DENTE LAW FIRM
600 B Street, Suite 1900
San Diego, CA 92101
TELEPHONE NO.: 619-550-3475  FAX NO.: 619-342-9668
ATTORNEY FOR *(Name):* Timothy Mansfield

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/28/2013** at 04:08:01 PM

Clerk of the Superior Court
By Sandra Villanueva,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:
Mansfield v. Southwest Airlines Co., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2013-00064667-CU-OE-CTL |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: Judge William S. Dato  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
**4.** Number of causes of action *(specify):* 2
**5.** This case [✓] is  [ ] is not  a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 28, 2013

Matthew S. Dente
_____
(TYPE OR PRINT NAME)                                    ► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7067 | |

| PLAINTIFF(S) / PETITIONER(S): Timothy Mansfield |
|---|
| DEFENDANT(S) / RESPONDENT(S): Southwest Airlines Co |

| MANSFIELD VS SOUTHWEST AIRLINES CO [EFILE] | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** and **CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 37-2013-00064667-CU-OE-CTL |

**CASE ASSIGNMENT**

Judge:  William S. Dato                                Department: C-67

**COMPLAINT/PETITION FILED:** 08/28/2013

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/14/2014 | 10:30 am | C-67 | William S. Dato |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, each party demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) for each party on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

F I L E D
Clerk of the Superior Court

JAN 03 2013

By: __Amy Helfers__

1
2
3
4
5
6
7
8          THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                        COUNTY OF SAN DIEGO
10
11   IN RE PROCEDURES REGARDING          )   GENERAL ORDER OF THE
                                          )   PRESIDING DEPARTMENT
12   ELECTRONIC FILING                    )
                                          )   ORDER NO. 010313
13                                        )
                                          )
14   ─────────────────────────────────

15          THIS COURT FINDS AND ORDERS AS FOLLOWS:

16          On August 1, 2011, the San Diego Superior Court ("court") began an Electronic

17   Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and storage,

18   facilitate electronic access to civil court files and, in Phase Two, allow remote electronic

19   filing ("E-File" or "E-Filing") of papers in civil cases.  The ultimate goal of the Program is to

20   create a paperless or electronic file in all civil cases, as well as in other case categories.

21          Phase One of the Program, described in General Order: *In re Procedures*

22   *Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic*

23   *Court Records*, involved the court's scanning of papers in newly filed cases in designated

24   divisions and departments (the "Imaging Project").  Phase Two of the Program is the

25   implementation of electronic filing by counsel and parties through the court's E-File Service

26   Provider.

27          Electronic filing under Phase Two of the Program will initially be limited to the

28   Central Civil Division only.  Probate and North County Civil Divisions of the Superior Court

1  are excluded from Phase Two of the Program.  This General Order relates to Phase Two,

2  and supplements General Order: *In re Procedures Regarding Electronically Imaged Court*

3  *Records, Electronic Filing, and Access to Electronic Court Records.*

4      Permissive E-Filing will begin January 7, 2013 in predetermined non-mandated civil

5  cases in the Central Division, and expand as resources permit.  Beginning March 4, 2013,

6  E-Filing will be mandatory in certain types of cases.  Further information on these initiatives

7  can be found on the court's website, at www.sdcourt.ca.gov.

8      Filing and service of documents by electronic means is governed by Code of Civil

9  Procedure Section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and

10  CRC 2.30.  In addition, the San Diego Superior Court's specific requirements for E-Filing

11  are available on the court's website.  Litigants and attorneys electronically filing documents

12  must comply with all applicable rules and requirements.

13      **GENERAL E-FILING REQUIREMENTS**

14      Documents can only be electronically filed through the court's electronic service

15  provider (the "Provider").  E-File Provider information is available on the court's website.

16      Any document filed electronically shall be considered as filed with the Clerk of the

17  Superior Court when it is first transmitted to the Provider and the transmission is

18  completed, except that any document filed on a day that the court is not open for business,

19  or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall be deemed to

20  have been filed on the next court day.

21      Pursuant to Government Code section 68150 and California Rules of Court, rule

22  2.504, electronic documents, whether imaged by the court or filed by the parties, are

23  certified as official records of the court.

24      Additional and more specific information on electronic filing can be found on the

25  court's website.

26  ///

27  ///

28  ///

1         This Order shall expire on December 31, 2013, unless otherwise ordered by this

2    court.

3         IT IS SO ORDERED.

4    Dated:  January 3, 2013

                     *Robert Trentacosta*

5                         ROBERT J. TRENTACOSTA
                     Presiding Judge

## ELECTRONIC FILING REQUIREMENTS OF THE

## SAN DIEGO SUPERIOR COURT

These requirements are issued pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure section 1010.6, and San Diego Superior Court General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. 010313, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

## PERMISSIVE eFILING

Effective January 7, 2013, the court allowed subsequent documents to be filed electronically in predetermined non-mandated civil cases in the Central Division by the Soft Launch Authorized Project Participants.

**Effective March 4, 2013**, documents **may be filed electronically** in non-mandated civil cases in the Central Division where either: (1) the case is first initiated on or after March 4, 2013; or (2) the case is already pending as of March 3, 2013 and has been imaged by the court.

## MANDATORY eFILING

The case types that shall be subject to mandatory eFiling are: civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.400-3.403 (as set forth in the Civil Cover Sheet, Judicial Council form CM-010 – but not including construction defect actions). "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and

Revised 6-21-13

Securities Litigation cases, as well as insurance coverage claims arising from these case types. Construction defect cases, currently being filed through the LexisNexis website, will continue to be filed through that system until further notice.

For cases of the type subject to mandatory EFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below.

For cases of the type subject to mandatory EFiling that are already pending as of March 3, 2013, and provided that the case has been imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing requirements. This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned. The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to EFile in a mandatory EFile case; however, they may EFile if they choose to do so and/or are otherwise ordered to EFile by the court.

## REQUIREMENTS FOR ALL eFILERS

EFile documents can only be filed through the court's Electronic Service Provider (the "Provider"). See www.onelegal.com.

EFilers must comply with CRC 2.250-2.261. Also, all documents electronically filed must be in a text searchable format, i.e., OCR.

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site. Documents not so bookmarked are subject to rejection. Moving

Revised 6-21-13

papers with exhibits that are not bookmarked will be rejected.  (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that includes the eFiling Transaction ID# noted in the upper right hand corner.

Unless otherwise required by law, per CRC 1.20(b) only the last four digits of a social security or financial account number may be reflected in court case filings. Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3). Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction after the Court has ruled on the matter to which the proposed document applies.  See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day.**

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department.  A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

Revised 6-21-13

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court.  Transaction ID numbers must be noted on the documents to the extent it is feasible to do so. Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

**DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING** The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:

- Safe at Home Name Change Petitions
- Civil Harassment TRO/RO
- Workplace Violence TRO/RO
- Elder Abuse TRO/RO
- Transitional Housing Program Misconduct TRO/RO
- School Violence Prevention TRO/RO
- Out-of-State Commission Subpoena
- Undertaking/Surety Bonds
- Request for Payment of Trust Funds
- Writs
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential documents lodged conditionally under seal

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

Revised 6-21-13

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed)
- Exhibits to declarations that are real objects, i.e., construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report
- Confidential Cover Sheet False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

Revised 6-21-13

# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 010313 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:        330 West Broadway | |
| MAILING ADDRESS:     330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:          Central | |

| PLAINTIFF(S):   Timothy Mansfield |
|---|
| DEFENDANT(S): Southwest Airlines Co |
| SHORT TITLE:     MANSFIELD VS SOUTHWEST AIRLINES CO [EFILE] |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2013-00064667-CU-OE-CTL |
|---|---|

Judge: William S. Dato                                        Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                    ☐  Non-binding private arbitration

☐  Mediation (private)                                   ☐  Binding private arbitration

☐  Voluntary settlement conference (private)   ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                      ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name)  _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

Name of Plaintiff                                              Name of Defendant

Signature                                                        Signature

Name of Plaintiff's Attorney                              Name of Defendant's Attorney

Signature                                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  08/28/2013                                                          JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                     Page: 1

# <u>Notice to Filer</u>

Pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure section 1010.6, and San Diego Superior Court General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records*, <u>this case has been designated as a Mandatory eFile case</u>.

All future documents submitted to the court on this case must be filed electronically. **The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.**

A party may request to be excused from mandatory electronic filing requirements. This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned.

Documents for cases ordered to mandatory eFiling can only be filed through the court's electronic service provider (the "Provider"). See www.onelegal.com, for information on how to file electronically.

1  ROBBINS ARROYO LLP
   BRIAN J. ROBBINS (190264)
2  600 B Street, Suite 1900
   San Diego, CA 92101
3  Telephone: (619) 525-3990
   Facsimile: (619) 525-3991
4  brobbins@robbinsarroyo.com

5  THE DENTE LAW FIRM
   MATTHEW S. DENTE (241547)
6  600 B Street, Suite 1900
   San Diego, CA 92101
7  Telephone: (619) 550-3475
   Facsimile: (619) 342-9668
8  matt@dentelaw.com

9  MESERVY LAW, P.C.
   LONDON D, MESERVY (216654)
10 550 West C Street, Suite 1950
   San Diego, CA 92101
11 Telephone: (858) 779-1276
   Facsimile: (866) 231-8132
12 london@meservylawpc.com

13 Attorneys for Plaintiff Timothy Mansfield,
   Individually, and as Representatives of
14 Other Members of the Public Similarly Situated

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

08/28/2013 at 04:06:01 PM

Clerk of the Superior Court
By Sandra Villanueva,Deputy Clerk

15       SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                  COUNTY OF SAN DIEGO

17 | TIMOTHY MANSFIELD, Individually, and | Case No.  37-2013-00064667-CU-OE-CTL
   as a Representative of Other Members of the
18 | Public Similarly Situated, | **CLASS ACTION**

19 |             Plaintiff, | **COMPLAINT FOR:**

20 |        v. | **(1) FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS; AND**

21 | SOUTHWEST AIRLINES CO. and DOES 1-
22 | 10, Inclusive, | **(2)FAILURE TO TIMELY PAY WAGES**

23 |          Defendants. | **DEMAND FOR JURY TRIAL**

24
25
26
27
28

                  COMPLAINT FOR DAMAGES

1    COMES NOW Plaintiff Timothy Mansfield ("Plaintiff"), on behalf of himself and as a

2    representative of other California employees of defendant Southwest Airlines Co. ("Southwest") and

3    Does 1-10 (collectively "Defendants"), inclusive, and asserts the following claims:

4        1.    This is a class action brought for numerous violations of the California Labor Code

5    pertaining to the issuance of itemized wage statements and payment of wages upon termination.

6        2.    On August 28, 2013, Plaintiff filed an exhaustion letter with the California Labor

7    Workforce and Development Agency providing notice of his intent to bring a representative action for

8    recovery of penalties under the California Labor Code Private Attorneys General Act of 2004,

9    California Labor Code § 2698, *et seq* ("PAGA"). See *Arias v. Super. Ct.*, 46 Cal. 4th 969 (2009).

10   PAGA permits an "aggrieved employee" to bring a lawsuit on behalf of himself or herself and other

11   current and former employees, on a representative basis, to address an employer's violations of the

12   California Labor Code. In this case, Defendants violated California Labor Code § 226 by failing to

13   provide suitable itemized wage statements to Plaintiff and their other current and former California

14   employees. Defendants also violated California Labor Code §§ 201-202 by failing to timely pay all

15   wages on termination and/or within seventy-two hours thereof. Upon the conclusion of the PAGA

16   exhaustion period, Plaintiff will amend his complaint to seek penalties on behalf of himself and

17   Defendants' other current and former California employees.

18       3.    Plaintiff is, and at all times mentioned in this Complaint was, a resident of San Diego,

19   California.

20       4.    Defendant Southwest is a corporation organized and existing under the laws of Texas,

21   and was and is at all times mentioned herein licensed and qualified to do business in the state of

22   California, and did and continues to transact business in the state of California. Southwest is an

23   employer whose employees are engaged throughout San Diego County, the state of California, and/or

24   the various states of the United States of America.

25       5.    Whenever in this Complaint reference is made to any act, deed, or conduct of Southwest,

26   the allegation means that Southwest engaged in the act, deed, or conduct by or through one or more of

27   its officers, directors, agents, employees, or representatives, who was actively engaged in the

28   management, direction, control, or transaction of the ordinary business and affairs of Southwest.

- 1 -

COMPLAINT FOR DAMAGES

6.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein as Does 1 through 10, inclusive and therefore sues said defendants by such fictitious names (the "Doe Defendants"). Plaintiff will amend this Complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants are ascertained.

7.     Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and/or co-conspirators of Southwest, and of each other; that Southwest and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of Southwest as alleged herein.

8.     Plaintiff is further informed and believes, and thereon alleges, that at all times herein material, each defendant was completely dominated and controlled by its co-defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this Complaint to any conduct by Southwest or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally.  Whenever and wherever reference is made to individuals who are not named as defendants in this Complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employments.

**CLASS ACTION ALLEGATIONS**

9.     Plaintiff brings his claim for relief in this action on behalf of himself as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure §382.

10.     All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

11.     Plaintiff's first proposed class is comprised of and defined as:

Any and all persons who have been employed by Southwest within one (1) year prior to the filing of the complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "Paystub Class").

12.     Plaintiff's second proposed class is comprised of and defined as:

Any and all persons who were employed by Southwest and whose employment was terminated at any time within three (3) years prior to the filing of the complaint in this action until resolution of this lawsuit and were not paid compensation due and owing to them upon discharge or within seventy-two (72) hours of resignation (hereinafter collectively referred to as the "Waiting Class").

13.     The members of the Paystub and Waiting Classes are so numerous as to make it impracticable to bring them all before this Court. Plaintiff is unable to state the exact number of the class members without discovery of Defendants' books and records, but avers upon information and belief that the Paystub Class exceeds one hundred (100) members and members of the Waiting Class are greater than fifty (50) individuals. The identity of such membership is readily ascertainable by inspection of Defendants' employment records.

14.     There are questions of law and fact common to the Paystub and Waiting Classes that predominate over any questions affecting any individual Paystub or Waiting Class member. Defendants have acted, and refused to act, on grounds generally applicable to members of the Paystub and Waiting Classes.

15.     Plaintiff's claims are typical of the claims of the Paystub and Waiting Classes and Plaintiff will fairly and adequately protect the interests of the Paystub and Waiting Classes.

16.     The prosecution of separate actions by individual members of the Paystub and Waiting Classes would create the risk of:

(a)     Inconsistent or varying adjudications in different jurisdictions with respect to individual Paystub or Waiting Class members, which would establish incompatible standards of conduct for Defendants; and

(b)     Adjudications with respect to individual Paystub or Waiting Class members which, as a practical matter, would be dispositive of the interests and rights of Paystub or Waiting Classes members who are not parties to the adjudications, or would substantially impair or impede the ability of Paystub or Waiting Classes members to protect their interests.

17.     At all times relevant to this action, Defendants have enacted and effected unlawful and unfair state-wide employment policies and practices which have caused Plaintiff and members of the Paystub and Waiting Classes to suffer injury. A class action is superior to other available methods for

- 3 -
COMPLAINT FOR DAMAGES

1   the fair and efficient adjudication of Defendants' policies and practices and the damage they caused

2   Plaintiff and members of the Paystub and Waiting Classes to suffer and which are the subject matter of

3   this action.

4         18.     Employers in the state of California violate employment and labor laws every day.

5   Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

6   Former employees are fearful of bringing actions because they believe their former employers may

7   damage their future endeavors through negative references and/or other means.  The nature of this

8   action allows for the protection of current and former employees' rights without fear for retaliation or

9   damage.

10        19.    The claims asserted herein implicate questions of law or fact common to members of the

11   Paystub and Waiting Classes.  These common questions predominate over any questions affecting only

12   individual members.  Common questions include, but are not limited to:

13             (a)     Whether Defendants failed to provide Plaintiff and Paystub Class Members with

14   wage statements that complied with the requirements of the California Labor Code §226;

15             (b)     Whether Defendants failed to pay wages to Plaintiff and Waiting Class Members

16   in accordance with the timing requirements of Labor Code §§201 and 202; and

17             (c)     The appropriate amount of penalties resulting from Defendants' violations of

18   California law.

19                         **FACTUAL ALLEGATIONS**

20        20.     At all times set forth herein, Defendants employed, and continue to employ, employees

21   throughout the state of California.  Plaintiff is a former employee of Defendants, specifically a ramp

22   agent.  Plaintiff worked for Defendants within the last year.

23        21.     California Labor Code § 226(a) sets forth reporting requirements for employers when

24   they pay wages:

25        Every employer shall ... at the time of each payment of wages, furnish each of his or her
26        employees ... an accurate itemized statement in writing showing (1) gross wages
           earned, (2) total hours worked by the employee, except for any employee whose
27        compensation is solely based on a salary and who is exempt from payment of overtime
           under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare
28        Commission, (3) the number of piece-rate units earned and any applicable piece rate if

the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer ..., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee ....

22.     Defendants failed, and continue to fail, to provide Plaintiff and their other California employees with wage statements that contained the information required by California Labor Code §226(a).  The wage statements Defendants furnished, and continue to furnish, to Plaintiff and other California employees did not meet the requirements of California Labor Code § 226(a), including by failing to: (1) indicate the inclusive dates of the period for which the employee is paid, specifically the beginning date for the pay period; or (2) itemize all applicable hourly rates in effect each pay period and/or the corresponding number of hours worked at each hourly rate, all in violation of California Labor Code §226(a).  Plaintiff and Defendants' other California employees were injured by these omissions.

23.     California Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

24.     Southwest terminated Plaintiff on September 7, 2012.  In violation of Labor Code §§201-202, Southwest did not pay Plaintiff the compensation due and owing to him at the time of termination.  Instead, Southwest did not pay Plaintiff until September 11, 2012.

25.     Based upon a pre-filing investigation conducted by Plaintiff's counsel, Plaintiff alleges upon information and belief that Defendants employ hundreds of employees in the State of California and provide these employees with wage statements that violate the requirements of California Labor Code §226(a).  Further, Defendants have terminated hundreds of employees in the State of California but, on information and belief, did not pay these former employees within the time deadlines set forth in

- 5 -
COMPLAINT FOR DAMAGES

California Labor Code §§201-202 upon their termination. The exact number of California employees to whom Defendants have provided non-compliant wage statements and/or failed to timely pay wages due upon termination can be easily ascertained by reviewing Defendants' employee and payroll records.

### FIRST CAUSE OF ACTION

**For Violation of California Labor Code §226 Against All Defendants**

26.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

27.     California Labor Code §226(a) sets forth reporting requirements for employers when they pay wages:

> Every employer shall ... at the time of each payment of wages, furnish each of his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer ..., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee ....

California Labor Code §226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

28.     Defendants intentionally failed, and continue to fail to furnish Plaintiff and Paystub Class members, complete and accurate wage statements upon each payment of wages in violation of California Labor Code §226(a). Plaintiff and Paystub Class members were injured and damaged by these failures because, among other things, it renders them unable to determine whether Defendants properly recorded their hours worked and makes it impossible to tell whether they were properly

1   compensated for all pay earned at the proper rates.  Defendants' failure to comply with Labor Code

2   §226(a) also renders Plaintiff and Paystub Class members unable to confidently challenge any mistakes

3   and/or underpayments.

4        29.   Defendants will no doubt continue these illegal practices until such time as they are

5   forced to pay penalties in compliance with Labor Code §226(e).

6        30.   Plaintiff and Paystub Class members are entitled to recover statutory damages, interest,

7   and attorneys' fees and costs pursuant to Labor Code §226(e)

8   **SECOND CAUSE OF ACTION**

9   **For Violation of California Labor Code §§201-202 Against All Defendants**

10        31.   Plaintiff repeats and incorporates herein by reference each and every allegation

11   contained above, as though fully set forth herein.

12        32.   Labor Code §§201-202 requires an employer who discharges an employee to pay

13   compensation due and owing to said employee immediately upon discharge and that if an employee

14   voluntarily leaves his or her employment, his or her wages shall become due and payable not later than

15   seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous

16   notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their

17   last day of work.  Labor Code §203 provides that if an employer willfully fails to pay compensation

18   promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time

19   penalties in the form of continued compensation for up to thirty (30) work days.

20        33.   During the relevant time period, Defendants willfully failed and refused, and continue to

21   willfully fail and refuse, to pay Plaintiff and members of the Waiting Class their wages, earned and

22   unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving

23   Defendants' employ.  Upon separation Defendants also failed to pay earned and calculable wages due

24   and owing within the time frame specified by Labor Code §§201-202.

25        34.   Defendants' willful failure to pay Plaintiff and Waiting Class members their wages

26   earned and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving

27   Defendants' employ, violates Labor Code §§201-202.

28

- 7 -
COMPLAINT FOR DAMAGES

1    35.    As a result, Defendants are liable to Plaintiff and members of the Waiting Class for

2  waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of

3  trial.

4                                    **PRAYER FOR RELIEF**

5    WHEREFORE, Plaintiff request entry of judgment, on behalf of himself and the other

6  California employees, against each defendant, jointly and severally, as follows:

7                                On the First Cause of Action

8    1.    For statutory penalties according to proof;

9    2.    For reasonable attorneys' fees and costs of suit; and

10   3.    For such other and further relief as the Court deems proper.

11

12                              On the Second Cause of Action

13   1.    For statutory penalties pursuant to Labor Code §203;

14   2.    For pre-judgment interest for wages untimely paid; and

15   3.    For such other and further relief as the Court deems proper.

16  Dated: August 28, 2013                ROBBINS ARROYO LLP
                                          THE DENTE LAW FIRM
17                                        MESERVY LAW, P.C.

18

19                                        MATTHEW S. DENTE (241547)

20                                        Attorneys for Plaintiff Timothy Mansfield,
                                          Individually, and as a Representative of Other
21                                        Members of the Public Similarly Situated

22

23

24

25

26

27  889507

28

                                            - 8 -
                               COMPLAINT FOR DAMAGES