UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MANSFIELD,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>Defendant. | Case No. 3:13-CV-02337-DMS-KSC<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

In this putative class action for violation of wages and hours laws, Plaintiff alleges failure to provide accurate itemized wage statements in violation of California Labor Code § 226(a) and failure to timely pay final wages upon separation from employment in violation of California Labor Code §§ 201and 222.  The same claims were also brought under the Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code § 2698, et seq. ("PAGA")).  Plaintiff seeks statutory penalties, civil penalties, pre-judgment interest, and attorneys' fees and costs on his own behalf and on behalf of similarly situated individuals.  The action was removed from State Court, and this Court exercises subject matter jurisdiction, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

After investigating Plaintiff's claims and engaging in discovery and disclosures, the parties reached a settlement in private mediation.  Accordingly, Plaintiff filed the pending motion for an order preliminarily approving the settlement in accordance with the Stipulation of Class Action Settlement ("Settlement"), which, together with the attached exhibits, sets forth the terms and conditions for a proposed settlement of the Lawsuit.[1]  Defendant does not oppose the requested relief.

The motion came on for a telephonic hearing on July 25, 2014.  London Meservy appeared on behalf of Plaintiff.  Margaret Rosenthal and Dawn Kennedy appeared on behalf of Defendant.  Having read and considered Plaintiff's motion, including the Settlement with attached exhibits, and having heard and considered the arguments and representations of counsel at the hearing, Plaintiff's Unopposed

/////

---

[1] This Order incorporates by reference the definitions in the Settlement, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement.

- 1 -

Motion for Preliminary Approval of Class Action Settlement is GRANTED as follows:

    1.    Two Classes are conditionally certified for settlement purposes only:

> Any and all persons who were employed by Southwest Airlines, Co. in California at any time from August 28, 2012, to the Date of Preliminary Approval of the Settlement ("Wage Statement Class Members"); and

> Any and all persons who were employed by Southwest Airlines, Co. in California whose employment with Southwest Airlines, Co. ended at any time from August 28, 2010 to the date of Preliminary Approval of the Settlement ("Waiting Time Class Members").

(Wage Statement Class Members and the Waiting Time Class Members are collectively referred to as the "Class" or "Class Members.")

    2.    The Lawsuit meets the class certification requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *see also id.* at 620-27. The classes are sufficiently numerous, as the Wage Statement Class comprises approximately 5,400 putative members, and the Waiting Time Class comprises approximately 390 putative members. The Lawsuit is based on the allegations that Defendant failed to include the requisite information on the wage statements, and failed to timely pay wages due upon termination or resignation. Based on counsel's representations at the hearing, Plaintiff's theory of the case is that all wage statements failed to include the pay period begin date. Defendant's policy and practice with respect to payment upon termination or resignation was to pay "as promptly as possible" rather than within the brief period of time required by statute. Accordingly, the legal and factual issues presented are sufficiently uniform to meet the commonality and predominance requirements. Based on the allegations in the complaint, Plaintiff's claims are typical of the Class Members' claims. Plaintiff and his counsel have demonstrated they can adequately

represent the absent Class Members.  Finally, the Court finds that maintenance of this Lawsuit as a class action is superior to individual litigation.

3. Plaintiff Timothy Mansfield is appointed as class representative and his counsel London D. Meservy, Matthew Dente, Brian Robbins and Diane Richard are appointed as counsel for both Classes ("Class Counsel") pursuant to Federal Rule of Civil Procedure 23(g).  Class Counsel is authorized to act on behalf of Class Members with respect to the acts or consents under the Settlement, and such other acts reasonably necessary to consummate the Settlement.  Any Class Member may enter an appearance through counsel of his or her choosing and at his or her own expense.  Any Class Member who does not enter an appearance through counsel or appear on his or her own behalf will be represented by Class Counsel.

4. When balanced against the cost and uncertainty associated with further litigation of liability and damages, the Court preliminarily approves the Settlement as fair, reasonable and adequate under Federal Rule of Civil Procedure 23(e).

5. CPT Group, Inc. is appointed as Claims Administrator.  The Claims Administrator shall comply with its duties as set forth in the Settlement, including sending the Notice to the Class by first class mail no later than August 20, 2014.

6. The Court approves the Notice Packet attached as Exhibits A and B to the Settlement with the following changes:

<u>Paragraph II.C., Release of Claims</u>:  Plaintiff shall correct what appear to be typographical errors in the first sentence at lines 3 through 4, which render the sentence unintelligible.

<u>Paragraph II.D., Reasonableness of Settlement</u>:  Plaintiff shall provide more information regarding risks and benefits of further litigation, including defenses referenced in the current text.

<u>Paragraph III.C., Objection to Settlement</u>:  Plaintiff shall replace the first part of the third sentence with the following:  "To object to the settlement, Class

- 3 -

Case No. 3:13-CV-02337-DMS-KSC
ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

1  Counsel's motion for attorneys' fees and costs, or to the Class Representative's
2  request for Enhancement Payment, file a written objection with the Clerk of the
3  United States District Court for the Southern District of California … ." (The
4  remainder of the sentence is unchanged.)

5  <u>Paragraph V, Final Settlement Approval Hearing</u>:  Plaintiff shall include
6  the Court's street address.

7      7.    The Court finds that the distribution of the Notice Packet substantially in
8  the manner and form set forth in the Settlement and this Order satisfies due process
9  requirements and the requirements of Federal Rule of Civil Procedure 23(c)(2) and
10 (e)(1), is the best notice practicable under the circumstances, and shall constitute due
11 and sufficient notice to all Class Members.

12     8.    The Final Approval Hearing shall be held before this Court on
13 **November 21, 2014, at 1:30 p.m.** in Courtroom 13A of the United States District
14 Court for the Southern District of California, located at 333 West Broadway, San
15 Diego, California 92101, to determine all necessary matters concerning the
16 Settlement, including: whether the proposed Settlement is fair, adequate, and
17 reasonable; whether the Settlement should be finally approved by the Court; whether
18 the plan of allocation contained in the Settlement should be approved as fair,
19 adequate, and reasonable; whether to grant the motions for Attorneys' Fees and Costs
20 Payment and the Class Representative Enhancement Payment; and whether a
21 Judgment, as provided in the Settlement, should be entered.

22     9.    Any Class Member may choose to opt out of and be excluded from the
23 Class as provided in the Notice by following the instructions set forth in the Notice.
24 Any Class Member who chooses to opt out of and be excluded from the Class will
25 not be entitled to any recovery under the Settlement and will not be bound by the
26 Settlement or have any right to object to the Settlement or appeal the Judgment.  Any
27 request to opt out must be on writing signed by the Class Member seeking to opt out.

Individuals in the Class who have not requested exclusion shall be bound by all determinations of the Court, the Settlement and any Judgment that may be entered thereon.

10. No later than November 4, 2014, Plaintiff shall file his motion for final approval of the Settlement. In addition to the required and customary filings, the motion papers shall include (1) an affidavit evidencing Defendant's compliance with the CAFA notice requirement under 28 U.S.C. § 1715, including responses from any government officials to the notice; and (2) the Claims Administrator's affidavit regarding compliance with its duties under the Settlement and this Order, a copy of the Notice sent to the Class, a report on the number of Class Members to whom Notice was sent, the number of undelivered Notices, efforts to locate correct addresses for undelivered Notices after the first mailing, number of Notices sent to the updated addresses in a second mailing, the number of such Notices returned undelivered, the number of Class Members seeking exclusion (including untimely requests), the number of Class Members in each Class to whom payment will be made, the average Class Member payment in each class, and the amount to be paid pursuant to the *cy pres* provision of the Settlement.

11. Any Participating Class Member may appear at the Final Approval Hearing and object to the Settlement ("Objectors"). As provided in the Notice, Objectors may present evidence and file briefs relevant to the issues to be heard and determined by the Court. No later than 45 days after the date of mailing of their Notices, Objectors shall serve their briefs, together with a verification of their membership in the Class, by hand or by first class mail upon Class Counsel and Defendant, and file them with the Clerk of this Court.

12. As of the date this Order is signed, all dates and deadlines associated with the Lawsuit shall be stayed, other than those related to the administration of the Settlement.

13. If the Settlement does not become effective in accordance with its terms, or the Settlement is not finally approved, or is terminated, canceled or fails to become effective for any reasons, this Order shall be vacated upon an appropriate motion filed no later than seven calendar days after the triggering event.

14. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates provided for in the Settlement without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

15. The Court retains exclusive jurisdiction over the Lawsuit to consider all further matters arising out of or connected with the Settlement.

16. In accordance with the Settlement, the Court hereby adopts the following dates for performance:

| Date | Event |
| --- | --- |
| August 10, 2014 (Within 10 calendar days of Preliminary Approval) | Deadline for Defendant to provide Claims Administrator with class data. |
| August 20, 2014 (Within 20 calendar days of Preliminary Approval) | Deadline for Claims Administrator to mail the Notice Packet to all Class Members. |
| September 15, 2014 (20 calendar days prior to Response Deadline) | Last day for Class Counsel to file Motion for Attorneys' Fees and Costs. |
| September 19, 2014 (30 days after mailing of Notice Packet) | Last day for Class Members to submit any challenge to the number of pay periods worked specified on the Notice of Individual Pay Periods Worked and Estimated Settlement Award form. |
| October 6, 2014 (45 days after mailing of Notice Packet) | Last day for Class Members to file and serve objections to the Settlement and any notices of intent to appear at the |

| | |
|---|---|
| | final approval hearing ("Response Deadline"). |
| October 6, 2014<br><br>(45 days after mailing of Notice Packet) | Last day for Class Members to submit requests to be excluded from the Settlement ("Response Deadline"). |
| October 22, 2014 | For Class Members whose Notices were returned in the mail and resent, last day to submit written objections to the Settlement and any notices of intent to appear at the final approval hearing ("Second Response Deadline"). |
| October 22, 2014 | For Class Members whose Notices were returned in the mail and resent, last day to submit requests to be excluded from the Settlement ("Second Response Deadline"). |
| October 28, 2014 | Last day for Claims Administrator to provide the Parties with a declaration of compliance with its obligations under the Settlement. |
| November 4, 2014 | Last day for Class Counsel to file Motion for Final Approval of Settlement. |

/////

| November 14, 2014 | Last day for filing of any written opposition to motion for final approval of Settlement and/or Plaintiff's request for Attorneys' Fees and Costs, Class Representative Enhancement Payment, and payment of Claims Administration Costs. |
|---|---|
| November 21, 2014 at 1:30 p.m.<br><br>(approximately 30 calendar days after the Second Response Deadline) | Final Approval Hearing |

IT IS SO ORDERED.

Dated: July 30, 2014

_____
HONORABLE DANA M. SABRAW
UNITED STATES DISTRICT JUDGE